UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

HERBERT MURRAY STEPHENS, d/b/a
Cave Inn,
             *Defendant-Appellant.*

No. 97-5010

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-96-78)

Submitted: June 28, 2002

Decided: July 22, 2002

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Herbert Murray Stephens, Appellant Pro Se. Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Herbert Murray Stephens was convicted on March 7, 1997, of five counts of wire fraud and conspiracy, 18 U.S.C. §§ 371, 1343 (1994), and was sentenced to forty-two months imprisonment on each count, to run concurrently. Stephens appealed, pro se, raising five claims challenging his conviction and sentence. A transcript of the proceedings was ordered on November 10, 1998. However, despite all efforts, it now appears that the transcript is unavailable and the court reporter's notes and backup tapes have been lost.

The Court Reporter Act, 28 U.S.C. § 753(b) (1994), requires a verbatim record of criminal proceedings in order "to safeguard a defendant's right to appellate review." *United States v. Gillis*, 773 F.2d 549, 554 (4th Cir. 1985). Although the requirements of § 753(b) are mandatory, a violation of that statute constitutes reversible error only if the defendant can show "that the missing portion of the transcript specifically prejudices his appeal." *Id.*; *see also United States v. Huggins*, 191 F.3d 532, 537 (4th Cir. 1999) (when a transcript is less than complete, the "defendant must show that the transcript errors specifically prejudiced his ability to perfect an appeal").

We find that the absence of the entire transcript in this case prevents us from reviewing the claims which Stephens raises on appeal. Accordingly, we vacate Stephens' conviction and remand to the district court for a retrial. We grant the government's motion to dispense with oral argument because argument would not aid the decisional process.

*VACATED AND REMANDED*